UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------x
                                             :
LEONID MIKITYANSKIY,                         :
                                             :
                           Plaintiff         :         11 Civ. 698 (TPG)
                                             :
           – against –                       :
                                             :         OPINION
ROWPAR PHARMACEUTICALS, INC.,                :
                                             :
                           Defendant.        :
                                             :
---------------------------------------------x
```

Plaintiff Leonid Mikityanskiy brings this *qui tam* action for false patent marking against defendant Rowpar Pharmaceuticals, Inc. ("Rowpar"). Plaintiff alleges that Rowpar marked its product, CloSys™ Complete Oral Healh System™ toothpaste ("CloSys"), with fifteen patent numbers that had expired some years earlier and that this action, in conjunction with defendant's alleged knowledge of the patents' expiration, constituted the false marking of an unpatented article with the purposes of deceiving the public in violation of the version of 35 U.S.C. § 292(a) in force at the time plaintiff brought suit. Plaintiff seeks a remedy of $500 per offending article falsely marked as patented, with half the recovery payable to the United States government and the remainder to plaintiff, as provided by the prior version of the statute.

Defendant moves to dismiss pursuant to a recent legislative overhaul of 35 U.S.C. § 292, and plaintiff moves to strike defendant's supplemental briefs on the issue. Defendant's motion to dismiss is granted and plaintiff's motion to

strike is denied.

### Background

Rowpar is an Arizona corporation with its principal place of business in Scottsdale, Arizona. The company—through its own actions and those of its contractors—designs, markets, manufactures and distributes CloSys and Dentist's Choice oral healthcare products nationwide. Rowpar has acquired a number of patents in conjunction with its business, and in accordance with standard business practices, it marks product packaging with applicable patent numbers and commonly advertises its products as "patented."

On January 14, 2011, plaintiff, a registered patent attorney based in Brooklyn, purchased a tube of CloSys in Philadelphia. This tube was marked with fifteen patents—U.S. Patent nos. 4,689,215; 4,696,811; 4,786,492; 4,788,053; 4,792,442; 4,808,389; 4,818,519; 4,837,009; 4,851,213; 4,886,657; 4,889,714; 4,925,656; 5,200,171; 5,489,435; and 5,618,550—that plaintiff later determined had expired between 2004 and 2007. Plaintiff alleges that defendant placed this tube and untold thousands of like tubes into the stream of commerce after the expiration of the patents in question and with the intent to deceive the public into believing the articles were currently patented.

Plaintiff alleges that defendant's course of conduct violates 35 U.S.C. § 292(a).  The version of the statute in effect when the action was brought provided that "whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the

public...[s]hall be fined not more than $500 for every such offense." 35 U.S.C. § 292 (2010). It further provided that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States." Id. Plaintiff's claim finds support in case law on the prior version of the statute, which treated products covered by expired patents as unpatented articles.

Rowpar had initially moved to dismiss the case under Fed. R. Civ. P. 12(b)(6) for insufficient pleading under Rule 9(b)and on other grounds or, alternatively, to transfer the case to the District of Arizona pursuant to 28 U.S.C. § 1404.

Then on September 16, 2011, President Obama signed the Leahy-Smith America Invents Act (the "Act"), which revised 35 U.S.C. § 292. The Act altered the statute in several relevant respects, and its changes "apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this act." Pub. L. 112-29, 125 Stat. 284 (2011). Most importantly, Congress added Section 292(c), which states that "the marking of a product, in a manner described in subsection (a), with matter relating to a patent that covered that product but has expired is not a violation of this section." Id. Furthermore, Section 292(a) now provides that "only the United States may sue for the [$500] penalty authorized by this section." 35 U.S.C. § 292 (2011). Congress also replaced the prior version of Section 292(b) with a new section providing that "a person who has suffered a competitive injury as a result of a violation of this section" may bring suit for damages adequate to

compensate that injury. Id.

Defendant submitted supplemental briefs to inform the court of the changes to 35 U.S.C. § 292 and to argue that they warrant dismissal of plaintiff's complaint. Plaintiff then moved to strike defendant's supplemental briefs.

## Discussion

The Act plainly applies to this suit and deprives the plaintiff of any cause of action. He can longer plausibly allege a violation of 35 U.S.C. § 292, as his complaint was wholly predicated on a theory of false marking overruled by Congress. What's more, plaintiff now lacks standing to sue for a violation of 35 U.S.C. §292.[1] As such, plaintiff cannot state facts sufficient to state a claim to relief that is plausible on its face. See Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 922 (2d Cir. 2010). Thus, plaintiff's motion to dismiss under Rule 12(b)(6) is granted.

Obviously, defendant had a right to submit briefing on the change in the statute, so plaintiff's motion to strike is denied.

## Conclusion

For the foregoing reasons, the court should grant defendant's motion to dismiss plaintiff's claim and deny plaintiff's motion to strike.

SO ORDERED.

---

[1] Plaintiff does not argue, nor could he credibly do so, that he is a "person who has suffered a competitive injury as a result of a violation of [35 U.S.C. § 292.]"

Dated:  New York, New York
        December 1, 2011

Thomas P. Griesa
U.S.D.J.